IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REIGH CARL ELLIS,

        Plaintiff,                    No. CIV S-10-1643 KJM GGH (TEMP) P

    vs.

DENNY R. FORLAND, et al.,        <u>ORDER AND</u>

        Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded

1

by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The court screens the amended complaint filed by plaintiff on September 23, 2010.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

(2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

In his amended complaint, plaintiff names as defendants attorney Denny R. Forland, and Russell G. Weiner, an attorney with the State Bar of California.  Plaintiff's claims against Forland concern Forland's representation of plaintiff during the criminal proceedings resulting in plaintiff's being imprisoned.  Plaintiff's claims against Weiner concern Weiner's response to complaints filed by plaintiff against Forland.

In order to state a claim under 42 U.S.C. § 1983 plaintiff must allege he was deprived of a right secured to him by the Constitution or other federal laws, and that the person who committed the deprivation acted under the color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998).  Defendant Forland was not acting under color of state law when representing plaintiff during his criminal proceedings.  While defendant does suggest that Forland conspired with state prosecutors so that plaintiff would be convicted, there are no facts presented supporting this.  Even if there were, plaintiff's claims would be barred by the United States Supreme Court's decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  There, the Court found that a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed.  <u>Id.</u> at 486-87.

With respect to defendant Weiner, plaintiff fails to point to anything suggesting he has any federal right to have Forland disciplined in any way.  Plaintiff asserts Wiener also conspired to have plaintiff convicted.  This claim would also be barred under <u>Heck</u>.

For all the forgoing reasons, plaintiff fails to state a claim upon which relief can be granted under federal law in his amended complaint.  Under certain circumstances, the court would grant plaintiff leave to file another complaint to attempt to cure the deficiencies in the last one.  Because there does not appear to be any way plaintiff can state any federal claim against the defendants identified in his amended complaint, the court will recommend that this action be dismissed.

In his amended complaint, plaintiff requests the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's request for the appointment of counsel is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////
/////
/////
/////
/////

4

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: March 14, 2011

4

5                                                    /s/ Gregory G. Hollows

6                                           GREGORY G. HOLLOWS
                                            UNITED STATES MAGISTRATE JUDGE

7  kc
   elli1643.dis

8